UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LINDENSMITH, # 488856,

        Petitioner,

v.                                      Case Number: 08-cv-12346
                                      Honorable Denise Page Hood

MARY BERGHUIS,

        Respondent.

                                   /

## ORDER DENYING PETITIONER'S MOTION FOR SANCTIONS

### I. INTRODUCTION

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 2, 2008 [dkt. #1], alleging that he is incarcerated in violation of his constitutional rights.[1] Pending before the Court is Petitioner's "Motion for Sanctions," [dkt. # 20]. Petitioner is requesting the Court to sanction Respondent for denying him access to the courts. In that motion, he is also requesting a default judgment and immediate release. For the reasons set forth below, the motion and requests are denied.

### II. DISCUSSION

First, a default judgment is not available in habeas-corpus proceedings. *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 138 (6th Cir. 1970).

Second, Petitioner's argument in favor of release relies upon Federal Rule of Appellate Procedure 23(c), which provides:

---

[1] Petitioner also filed a civil rights complaint, number 10-CV-13530, assigned to The Honorable Bernard A. Friedman, alleging, among other things, that he is being denied access to the courts.

> While a decision ordering the release of a prisoner is under review, the prisoner must-unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise-be released on personal recognizance, with or without surety.

The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release. This Court has not granted habeas relief in this case. Therefore, Rule 23(c) is inapplicable to Petitioner's case.

To receive bond pending a decision on the merits of a habeas petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964)). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

In this case, Petitioner presents no arguments regarding his immediate release. The Court finds no argument to be sufficiently persuasive at this time to establish the existence of any extraordinary and exceptional circumstances which would merit immediate release of Petitioner. Therefore, the Court denies Petitioner's request for his immediate release from custody.

Finally, regarding Petitioner's request for sanctions, the Court finds that none of

Petitioner's arguments warrants the imposition of sanctions.

### III.  CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for Sanctions" is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's requests for a default judgment and immediate release are also **DENIED**.

**SO ORDERED**.

                                                s/DENISE PAGE HOOD
                                                DENISE PAGE HOOD
                                                United States District Judge

DATED:   January 20, 2011

I hereby certify that a copy of the foregoing document was served upon David, Lindensmith, #488856, Central Michigan Correctional Facility, 320 N. Hubbard, St. Louis, MI 48880 and counsel of record on January 20, 2011, by electronic and/or ordinary mail.

                                                s/Shawntel Jackson
                                                Interim Case Manager